[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Both defendants in this medical malpractice, battery, and breach of contract case move to strike certain counts of the complaint filed by the plaintiff, Sharon Surrells. The court addresses both motions in this memorandum.
A motion to strike "admits all the facts well pleaded; it does not admit conclusions or the truth or accuracy of opinions stated in the pleadings." Mingachos v. CBS, Inc., 196 Conn. 91, 108 (1985).
 I
Saint Francis Hospital and Medical Center argues that the fourth count of the complaint fails to set forth a cause of action for battery by a health care provider. That count alleges, inter alia, that employees of this defendant performed surgery on the plaintiffs right breast without her consent. Liability for battery by a physician is limited to situations where the doctor "fails to obtain any consent for a particular treatment or performs a different procedure from the one for which consent has been given." Logan v. Greenwich Hospital Assn., 191 Conn. 282,289 (1983).
Although the fourth count contains several extraneous allegations regarding uninformed consent, paragraph 9(c) does, indeed, aver that surgery was done on the plaintiffs right breast without her consent. This allegation is sufficient to state a cause of action for medical battery.
 II
The fifth and sixth counts of the complaint attempt to state causes of action for breach of contract against Dr. Steven Belinkie and Saint Francis Hospital and Medical Center, respectively. These counts contain only allegations of substandard performance and fail to include any allegations that the defendant's made any promises that a particular CT Page 16159 course of treatment would yield a specific result.
Claims of medical malpractice and breach of contract by health care providers are distinct causes of action which may arise from the same set of facts. Rumbin v. Baez, 52 Conn. App. 487, 491 (1999). In order to establish a cause of action for breach of contract for medical treatment, the patient must allege and prove that a contract between the parties existed. Barnes v. Schlein, 192 Conn. 732, 735 (1984). This contract may be express or implied. Janusauskas v. Fichman,68 Conn. App. 672, 678 (2002). The contractual promise, however, must be for a "specific result". Rumbin v. Baez, supra.
The fifth and sixth counts merely allege that the defendants agreed to provide competent and professional medical care rather than averring any promise to obtain a specific result from a particular course of treatment. Consequently, the allegations of these counts are inadequate to set forth a cause of action for breach of contract by these defendants.
The motions to strike are granted as to the fifth and sixth counts and denied as to the fourth count.
___________________, J. Sferrazza CT Page 16160